UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEKELDRIC DEUNDRAE PORTER,

        Petitioner,        Case No. 1:08-cv-690

v.        Honorable Gordon J. Quist

THOMAS BIRKETT,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.        Factual allegations

Petitioner Lekeldric Deundrae Porter presently is incarcerated at the Standish Maximum Correctional Facility. After pleading guilty and *nolo contendere*[1], the Kent County Circuit Court convicted Petitioner of armed robbery, in violation of MICH. COMP. LAWS § 750.529, assault with intent to commit murder, in violation of MICH. COMP. LAWS § 750.83, and two counts of possession of a firearm during the commission of a felony (felony-firearm), in violation of MICH. COMP. LAWS § 750.227b. On November 1, 2005, the Kent County Circuit Court sentenced Petitioner to twenty-five to seventy-five years' imprisonment for the armed robbery conviction, thirty to ninety years' imprisonment for the assault conviction and two years' imprisonment for each of the felony-firearm convictions.

Petitioner appealed his convictions to the Michigan appellate courts. The Michigan Court of Appeals denied his delayed application for leave to appeal on November 30, 2006, for lack of merit in the grounds presented. On April 24, 2007, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded the question should be reviewed by the court. Petitioner filed the instant habeas application on or about July 21, 2008.

In his application for habeas corpus relief, Petitioner raised the following ground for habeas corpus relief:

> WERE THERE SUBSTANTIAL AND COMPELLING REASONS FOR THE SENTENCING COURT TO SENTENCE [PETITIONER] BELOW THE

---

[1] According to the Michigan Department of Corrections Offender Tracking and Information System (OTIS), *see* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=413906, Petitioner pled guilty to armed robbery and one count of felony-firearms in Kent County Circuit Court. Petitioner pled *nolo contendere* in Kent County Circuit Court for the remaining convictions.

    MINIMUM SENTENCING GUIDELINE RANGE, OR AT THE MINIMUM, AT THE LOWER END?

(Pet. at 6, docket #1.)  Petitioner raised the same issue in the Michigan appellate courts.

    II.    <u>Standard of review</u>

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001).  The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

    III.    <u>Sentencing error</u>

The sole issue raised in Petitioner's application for habeas relief involves the application of the Michigan Sentencing Guidelines under Michigan law.  The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4,

RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). As a result, Petitioner's habeas ground clearly is not cognizable on habeas review.

Although state law errors are generally not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citations omitted). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court could set aside, "on allegations of unfairness or an abuse of

discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972)*; Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

In the instant case, Petitioner argues that the trial court should have given more consideration to Petitioner's "intoxicated state while high and addicted to cocaine" during the offenses. (Attach. A to Pet.) Petitioner also argues that his sentence of twenty-five to seventy-five years' imprisonment for the armed robbery conviction and thirty to ninety years's imprisonment for the assault conviction are essentially life sentences. (*Id.*) Petitioner has made no allegations that the sentencing court relied on misinformation, much less misinformation of constitutional magnitude. His sentencing claims therefore are not cognizable on habeas review.

Petitioner's implied Eighth Amendment claim also lacks merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).

"Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)).  A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).  Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).  Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence for each conviction falls within its maximum penalty under state law. Petitioner therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it fails to raise a meritorious federal claim.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  November 25, 2008                    /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).